**Eddie LUMAS, Plaintiff,**

v.

**COMMERCIAL CARTAGE CO., Defendant.**

**No. 77–765C(4).**

United States District Court, E. D. Missouri, E. D.

Oct. 31, 1978.

Freeman, Whitfield, Montgomery & Walton, Harold L. Whitfield, St. Louis, Mo., for plaintiff.

Susman, Stern, Heifetz, Lurie, Sheehan, Popkin & Chervitz, Richard Sheehan, Pat L. Simons, St. Louis, Mo., for defendant.

## MEMORANDUM

FILIPPINE, District Judge.

This matter is before the Court for a ruling on the merits following a trial to the Court on alleged violations of 42 U.S.C. §§ 1981, 1983 and 2000e et seq. At the close of the plaintiff's case, the Court granted defendant's motion for a directed verdict as to 42 U.S.C. § 1983. After consideration of the matter as to 42 U.S.C. §§ 1981 and 2000e et seq., the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. Plaintiff is a black male citizen of the United States residing in East St. Louis, Illinois.

2. Defendant is a Missouri corporation located at 343 Axminster, Fenton, Missouri, and is engaged in commercial hauling of petroleum products in interstate commerce.

3. Plaintiff was hired as a driver-trainee by defendant on June 30, 1975 and was orally discharged on September 26, 1975.

4. Driver-trainees are employed by the defendant for 90 days on a probationary basis during which time they are ineligible to join the Teamsters' Union, and during which time they may be discharged without recourse to the disciplinary and notice provisions of the union contract. Prior to November 10, 1973, when the contract with the Teamsters' Union was changed, the aforementioned probationary period was 30 days.

5. A white male employee, discharged before November 10, 1973 by the defendant before the ninetieth day of his employment, was given warnings and notice of his infractions. He was not, however, a probationary employee, because he had successfully completed the 30 day probationary period in effect at that time.

6. Plaintiff's duties as a driver-trainee included: the driving of commercial trucks; delivery of petroleum products; and the keeping of records pertaining to such activities.

7. Uncontradicted evidence showed that plaintiff was given assistance by various employees of defendant and that he was supervised by senior drivers of defendant for three days prior to making solo drives, as per company policy. Moreover, evidence showed that plaintiff was given more assistance than that usually afforded driver-trainees.

8. Plaintiff adequately performed his duty of driving, however, he did not perform his duty of delivering gas in such a way as to comply with company practice. Furthermore, evidence showed that plaintiff's duty to keep accurate records of his activities was consistently performed in a substandard manner, despite frequent assistance from defendant's supervisory employees.

**990**

9. After his termination, plaintiff filed a timely charge with the Equal Employment Opportunity Commission.

10. Plaintiff filed suit within 90 days of his right to sue letter.

### CONCLUSIONS OF LAW

1. Defendant is an employer within the meaning of 42 U.S.C. § 2000e et seq.

2. This Court has jurisdiction of this matter pursuant to 42 U.S.C. §§ 1343, 1981 and 2000e et seq.

3. Plaintiff made a prima facie case that he was given disparate treatment and that he was discriminatorily discharged.

4. Defendant has rebutted plaintiff's case of disparate treatment by establishing that the white male employee allegedly given better treatment was not a probationary employee. That employee was fired with written notice prior to the ninetieth day of his employment, but the probationary period was only 30 days at that time. That employee had worked more than 30 days and was, therefore, no longer on probationary status and had rights to the procedural safeguards provided by the contract with the Teamsters' Union. As such, defendant has rebutted the showing of disparate treatment. Furthermore, defendant has met the burden of establishing that plaintiff was terminated for good cause; specifically, for inadequate performance in delivering petroleum products and in keeping records of such deliveries. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

5. Plaintiff has failed to establish that the reasons for his discharge were pretextual in nature. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

6. Defendant shall have judgment against the plaintiff together with all costs incurred in this action.

7. Defendant's request for attorney's fees is denied because the Court does not find that plaintiff's claim was frivolous, unreasonable, or without foundation. *Christiansburg Garment Company v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).